IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN BOWENS, #R45897, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00260-MJR |
| | ) |
| S. A. GODINEZ, | ) |
| RANDY DAVIS, | ) |
| WARDEN LOVE, | ) |
| JOHN DOE A, | ) |
| JOHN DOE B, | ) |
| JOHN DOE C, | ) |
| JOHN DOE D, | ) |
| and JOHN DOE E, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief District Judge:**

Plaintiff Shawn Bowens, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his Eighth Amendment rights at Vienna Correctional Center ("Vienna"). In the Complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement at Vienna from 2013-16. (Doc. 1). He seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, pp. 15-17).

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## **Complaint**

Plaintiff was incarcerated at Vienna from November 13, 2013, until October 26, 2016. (Doc. 1, p. 4). During that time, he was housed on the second and third floors of Building 19. *Id*. He describes unconstitutional conditions of confinement in Building 19 and throughout the prison. (Doc. 1, pp. 4-14).

The second floor of Building 19 housed 200 inmates in open dormitories, which Plaintiff describes as overcrowded. (Doc. 1, p. 4). The dorms contained rows of double bunk beds that were arranged so close together that Plaintiff could reach from his bed across the aisle and touch the inmate who was sleeping in the next row. *Id*. The second floor was not designed to house inmates in this fashion. *Id*. It lacked basic facilities, such as bathrooms with a sufficient number of toilets and showers. *Id*. There was also a general lack of maintenance and upkeep. (Doc. 1, p. 5). Plumbing problems resulted, exposing inmates to raw sewage, flooding, and unclean

drinking water. (Doc. 1, p. 13). Spider webs covered the walls, and birds' nests filled available crevices. (Doc. 1, p. 7).

Due to severe overcrowding on the second floor, Plaintiff was moved to the third floor and housed in the third wing. (Doc. 1, p. 5). The conditions there were even worse than the second floor. *Id*. Roaches, spiders, ants, millipedes, mice, rats, and other insects infested the entire wing. *Id*. Plaintiff witnessed them crawling across walls, bunks, and inmate property during the daytime. *Id*. He also found insects in his clothes, shoes, bed, and property boxes. *Id*. Plaintiff discovered cockroaches in his coffee cup, in his drinking glass, and on his toothbrush. *Id*. Mice, rats, and spiders crawled into Plaintiff's property boxes and ate his food. (Doc. 1, pp. 6-7). At night, Plaintiff was awakened by roaches crawling across his body, bedding, pillows, clothing, and property. (Doc. 1, p. 5).

Plaintiff worked in the prison dietary unit, where inmate meals were prepared. (Doc. 1, p. 6). He frequently observed mice, rats, and spiders scampering across the floor in the dining hall. (Doc. 1, pp. 6-7). The mice and roaches also ran "rampant" in the dietary unit. *Id*. Rodent feces could be found in the bread, rice, and grain bins. *Id*.

The unknown dietary supervisors, who are identified generically as John Doe A, B, C, D, and E, were aware of these problems. (Doc. 1, pp. 6-7). They nevertheless instructed Plaintiff and his coworkers to serve contaminated, outdated, and spoiled food to inmates. *Id*. Plaintiff witnessed roaches and spiders crawling through food pans and across serving spoons as meals were served. *Id*. He frequently found dead bugs, rodent droppings, flies, hair, rocks, rubber bands, and cardboard in the food. *Id*. The inmates had to pick and choose what to eat. *Id*.

Building 19 also lacked adequate ventilation and thus exposed inmates to extreme temperatures and other weather. (Doc. 1, p. 7). The air vents were "caked with dust," which

constantly circulated through the building and caused Plaintiff to develop breathing problems. *Id*. Many windows were boarded shut, blocking out all light and preventing the circulation of air. (Doc. 1, p. 8). Other windows were broken and had no screens. *Id*. In the winter, the building became so cold that Plaintiff had to sleep in all of his clothes and was still cold. *Id*. In the summer, Building 19 was unbearably hot. *Id*. During storms, water leaked into the building through the broken windows and cracked ceilings. *Id*. Rainwater dripped directly onto Plaintiff's bed and property. *Id*.

Due to poor ventilation, the prison developed a serious mold problem. (Doc. 1, p. 8). This problem extended far beyond Building 19. *Id*. Mold could be found "everywhere" at Vienna. *Id*. It grew on the walls, ceilings, light fixtures, sinks, drinking fountains, showers, and toilets. *Id*. Plaintiff observed it fall in large chunks from the ceiling onto his bed and into the shower. *Id*. No meaningful steps were taken to remediate the mold. (Doc. 1, p. 9). Periodically, maintenance workers painted over it. *Id*.

Plaintiff made verbal complaints about these conditions directly to Warden Love and/or Warden Davis, as well as the prison's chief engineer.[1] (Doc. 1, p. 9). On October 7, 2014, he stopped making verbal complaints and began submitting written grievances on a regular basis. *Id.* Prison officials routinely rejected or ignored his grievances, in order to thwart his efforts to exhaust his administrative remedies before filing suit. *Id*. The Administrative Review Board ultimately denied his grievances on October 23, 2017. (Doc. 1, p. 10).

Plaintiff claims that all of the named defendants were aware of the conditions at Vienna but chose to disregard the risk they posed to Plaintiff. (Doc. 1, pp. 11-17). He now asserts

---

[1] Plaintiff did not name the prison's chief engineer as a defendant in this action. Any claims against this individual should be considered dismissed without prejudice from this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

claims against the defendants for subjecting him to unconstitutional conditions of confinement, in violation of the Eighth Amendment. *Id*. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief in the form of an order requiring prison officials to timely respond to his grievances. (Doc. 1, pp. 16-17).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment claim against Defendants for exposing Plaintiff to unconstitutional conditions of confinement at Vienna from 2013-16.
>
> **Count 2 -** First and/or Fourteenth Amendment claim against Defendants for mishandling Plaintiff's grievances regarding the conditions of his confinement in order to prevent him from exhausting his administrative remedies and filing suit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1**

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions that deny inmates "the minimal civilized measure of life's necessities" and thus create an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Constitution "does not mandate comfortable prisons," but it does require inmates to be housed under "humane conditions" and provided with "adequate

food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832; *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

A claim for unconstitutional conditions of confinement includes an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component of this claim, a plaintiff must demonstrate that he suffered a sufficiently serious to deprive him of the minimal civilized measures of life's necessities. *McKinley v. Schoenbeck*, -- F.3d --, 2018 WL 1830942, *4 (7th Cir. April 17, 2018). To satisfy the subjective component, he must show that each defendant "knew of a substantial risk of serious injury . . . but nevertheless failed to take reasonable measures to prevent that harm from occurring." *Id.* (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)).

The conditions described in the Complaint satisfy the objective component of this claim for screening purposes. Plaintiff describes overcrowding, poor ventilation, pest infestations, and food contamination, among other things. (Doc. 1, pp. 1-17). These conditions are sufficient to support an Eighth Amendment claim at this early stage. "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)). In other words, poor ventilation when combined with freezing temperatures and a lack of blankets or high temperatures and breathing problems may support an Eighth Amendment claim. Regular exposure to vermin in living and dining areas, when combined with other unhealthy and dangerous conditions like food contamination, may also give rise to an Eighth Amendment claim, even if Plaintiff does not

identify a specific physical harm. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and inmate susceptibility, prison conditions may violate the Eighth Amendment if they cause either physical, psychological, or probabilistic harm); *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (citing *Atkins v. City of Chicago*, 631 F.3d 823 (7th Cir. 2011) ("Just as correctional officers cannot deprive inmates of nutritional food, they cannot deprive inmates of drinkable water."). *See also McKinley*, 2018 WL 1830942, *4 (an adverse condition of confinement can become an Eighth Amendment violation if endured over a significant period of time, even if it would not be impermissible in the short-term). The objective component of this claim is satisfied at screening.

The subjective component is also satisfied with respect to Warden Davis, Warden Love, John Doe A, John Doe B, John Doe C, John Doe D, and John Doe E. Plaintiff maintains that all of these defendants were aware of the conditions because they experienced them firsthand. Alternatively, Plaintiff complained directly to them, either verbally or in writing. He did so repeatedly. The allegations in the Complaint are sufficient to state a claim in Count 1 against these individuals.

This claim shall be dismissed against Director Godinez. Plaintiff baldly asserts that the director was aware of the conditions at Vienna. However, Plaintiff does not explain how the Director became aware of these conditions or their impact on him. Plaintiff does not allege that he put this defendant on notice of the conditions or that he submitted written grievances to the director. He alleges that Director Godinez was "responsible for the conditions and operations of various prisons" that included Vienna, and he created policies, customs, or practices in effect at the prison. (Doc. 1, p. 2). These allegations are insufficient to support a claim against the director. Furthermore, Director Godinez cannot be held liable for violations of Plaintiff's

constitutional rights merely because of his supervisory position. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The Complaint does not establish Director Godinez's personal participation in or responsibility for the violation of Plaintiff's constitutional rights. Accordingly, Count 1 shall be dismissed without prejudice against him for failure to state a claim.

**Count 2**

The alleged mishandling of Plaintiff's grievances gives rise to no independent claim against the defendants for a due process violation or denial of access to the courts. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Further, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion of *available* administrative remedies before filing suit. If the administrative grievance process is rendered unavailable by prison officials, as Plaintiff alleges, the exhaustion requirement is satisfied and there is no impediment to filing suit. *See Thomas v.*

*Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Count 2 shall be dismissed with prejudice against the defendants for failure to state a claim.

## **Injunctive Relief**

Plaintiff's request for injunctive relief shall be denied. Plaintiff seeks the creation or enforcement of a policy requiring the Vienna defendants to respond to his grievances more quickly. (Doc. 1, p. 17). There are two problems with this request. First, Plaintiff filed this action after transferring from Vienna, and he does not indicate that he anticipates returning to that facility. His request for injunctive relief is therefore moot, unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). Second, the conduct that he targets supports no claim in the first place, as discussed in connection with Count 2 above. Under the circumstances, Plaintiff's request for injunctive relief fails and shall be denied. However, the denial is without prejudice to Plaintiff renewing his request for injunctive relief if the need arises for some other reason during the course of this litigation.

## **Official Capacity Claims**

Plaintiff sues all of the defendants in their individual and official capacities for declaratory judgment, money damages, and injunctive relief. As explained above, his request for injunctive relief does not survive. Further, state officials are not subject to a claim for money damages in their official capacities. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Any claim for damages that survives threshold review may only proceed against the defendants in

9

their individual capacities. For this reason, the official capacity claims against the defendants shall be dismissed from this action.

### Identification of Unknown Defendants

Count 1 survives preliminary review against several unknown defendants, including John Doe A, John Doe B, John Doe C, John Doe D, and John Doe E. The fact that Plaintiff is unable to identify these individuals by name is not fatal to his claim against them. *Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004) (reversing dismissal of claims where the prisoner plaintiff had been unable to identify defendants and remanding for finding of facts). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. Plaintiff shall be allowed to proceed with Count 1 against John Doe A, John Doe B, John Doe C, John Doe D, and John Doe E. However, Plaintiff must identify the defendants with particularity before service of the Complaint can be made on them.

To assist Plaintiff in identifying these individuals, the current Warden of Vienna Correctional Center shall be added as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying the unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a Motion for Substitution of each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate court order.

Plaintiff's Motion for Appointment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

The Clerk is **DIRECTED** to **ADD** the current **WARDEN of VIENNA CORRECTIONAL CENTER (official capacity only)** as a defendant in CM/ECF. The warden is responsible for responding to discovery aimed at identifying the unknown defendants with specificity.

**IT IS HEREBY ORDERED** that Plaintiff's request for injunctive relief is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNT 1** survives screening and will receive further review against Defendants **RANDY DAVIS, WARDEN LOVE, JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D,** and **JOHN DOE E** in their individual capacities only. However, **COUNT 1** is **DISMISSED** without prejudice against these defendants in their official capacities and against Defendant **S. A. GODINEZ** in his individual and official capacities, for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for the Defendants **WARDEN of VIENNA CORRECTIONAL CENTER (official capacity only), RANDY DAVIS, WARDEN LOVE,** and, once identified, **JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D,** and **JOHN DOE E**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and

Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN DOE A, JOHN DOE B, JOHN DOE C, JOHN DOE D,** and **JOHN DOE E** until such time as Plaintiff has identified them by name in a properly filed Motion for Substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2018**

                                                   **s/ MICHAEL J. REAGAN**
                                                 **Chief Judge**
                                                 **United States District Court**